UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| L. ZINGERMAN, D.D.S., P.C. d/b/a NILES FAMILY DENTAL, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>Defendant. | Case No. 14 C 7835<br><br>Judge Virginia M. Kendall<br><br>Magistrate Judge M. David Weisman |

## MEMORANDUM OPINION AND ORDER

Plaintiff L. Zingerman D.D.S., P.C. ("Plaintiff" or "Zingerman"), individually and on behalf of a putative class, sues Defendant Nissan North America, Inc. ("Defendant" or "Nissan") for its alleged misrepresentation of the availability of certain technology in its 2014 Infiniti Q50 automobile. (Compl. ¶ 1.) In particular, Zingerman claims that Nissan represented that the Q50 contained the "InTouch" interactive telematics system, which enabled users to access various mobile applications. (*Id.*) Contrary to such representations, however, Zingerman contends that the system could not perform the tasks Nissan represented it would. (*Id.*) The case is before this Court on Plaintiff's motion to compel the production of documents withheld as privileged. (Dkt. 90.) For the reasons stated herein, the motion is denied.

## Background

On May 20, 2016, Plaintiff filed a motion to compel the production of documents or, in the alternative, an *in camera* review of documents that total 223 pages of a privilege log.[1] (Dkt. 90, Ex. A.) Plaintiff delayed in filing its motion to compel until *after* the May 13, 2016 close of

---

[1] For clarity, the log itself is 223 pages. The number of pages Plaintiff asks the Court to review far exceeds this.

discovery even though Judge Kim, the then-supervising magistrate judge, advised the parties that this deadline was a "firm deadline." (Dkt. 79, 87.) Judge Kim first gave the parties notice of the "firm deadline" upon granting Plaintiff's motion for an extension of the fact discovery deadline on February 19, 2016. (Dkt. 79.) In spite of this instruction, Plaintiff again filed for an extension merely one day prior to the close of fact discovery. (Dkt. 85.) Judge Kim denied the motion for an extension and reiterated that he had advised the parties of the "firm deadline" for the close of fact discovery. (Dkt. 87.) Although Judge Kim informed the parties that Plaintiff could file a motion to compel by May 20, 2016, his order explicitly instructed Plaintiff to explain in any motion Plaintiff would bring the timeliness of its discovery issues. (*Id.*)

Outside of providing a timeline of events in its statement of facts, (dkt. 90, pp. 3-4), and asserting that the Federal Rules of Civil Procedure do not provide a deadline for challenging a privilege log, (dkt. 99, p. 5), Plaintiff does little to address the timeliness of its motion. In fact, Plaintiff acknowledges in its reply brief that it filed its motion after *several months* of discussions with Defendant regarding the dispute over the adequacy of Defendant's privilege log. (*Id.* at 2, 5.)

Yet despite the apparent tardiness of Plaintiff's motion, this Court allowed Plaintiff to identify 20 documents that Plaintiff believed had self-sustaining evidentiary value such that the production of the documents themselves would provide value to Plaintiff's case at this late stage of the litigation. In other words, because discovery is closed,[2] Plaintiff cannot use the production of documents as a basis for further discovery practice such as the generation of requests for production or questions for depositions. Accordingly, Defendant's production is meaningless unless Plaintiff can use the documents Defendant has withheld for purposes of summary

---

[2] The Court reiterates that the discovery deadline has already been extended, and the final deadline was deemed a "firm deadline." (Dkt. 79, 87.)

judgment or at trial.  *Cf.* Fed. R. Civ. P. 26(b)(1) (noting that information does not need to be "admissible in evidence to be discoverable").

Plaintiff identified 20 documents on August 1, 2016, (dkt. 104), and shortly thereafter, the Court directed Defendant to submit the identified documents to chambers for *in camera* review.  (Dkt. 105.)  Defendant promptly complied, and the Court has completed its document-by-document review.

## **Discussion**

The bulk of the documents identified by Plaintiff have absolutely no evidentiary value whatsoever.  The documents include emails arranging meetings and contain purportedly privileged redactions of information entirely irrelevant to this litigation.  Other documents contain information that could potentially be of limited evidentiary value, but Plaintiff has already derived any such value through alternative means.  For example, one document discusses consumer complaints regarding the InTouch system, thus placing Nissan on notice of problems with the software.  But, as Plaintiff's complaint and already-exchanged discovery make clear, the fact that consumers complained to Nissan about functionality issues is already established.  (Dkt. 67 (granting in part and denying in part motion to compel discovery of complaints filed by other consumers regarding the InTouch system; shielding Defendant's settlement negotiations that reveal customer complaints, but stating "Defendant has already provided Plaintiff with complaints it has received about InTouch …").)  Finally, irrespective of the privilege issue, certain of the identified documents have no relation at all to the issues raised by this litigation.

The Court acknowledges, however, that a few of the reviewed documents appear relevant and unprivileged (at least) under Illinois privilege law.[3]  Whether the documents themselves

---

[3] The parties dispute whether Illinois or federal privilege law governs. (*Compare* dkt. 90, pp. 4-5 and dkt. 99 pp. 1-3 *with* dkt. 97, pp. 3-4.)

would be admissible is not obvious absent further scrutiny, but the Court believes various Federal Rules of Evidence may render certain of the documents admissible. *See e.g.,* Fed. R. Evid. 803(6) (business record exception); Fed. R. Evid. 801(d)(2)(D) (statement of party opponent). However, the Court need not further scrutinize the documents or choice of law. Rather, Plaintiff's substantial and unnecessary delay ultimately dooms this motion because Plaintiff had a reasonable opportunity to discover the documents it now seeks. The Court is further satisfied that withholding the documents at issue will not cause the case to be decided on a technicality or prevent a fair decision on the merits.

Plaintiff unreasonably delayed in bringing this motion to compel. Fact discovery closed on May 13, 2016. (Dkt. 87.) Plaintiff had notice of the issues raised in this motion by, at the latest, December 23, 2015. (*See* dkt. 99, p. 5 (stating Plaintiff received Nissan's initial privilege log on November 23, 2015 and notified Nissan in writing of the log's alleged deficiencies on December 23, 2015).) Despite taking issue with Nissan's privilege log in December 2015, however, Plaintiff waited nearly five months and until after the firm close of discovery to file its motion for relief. (Dkt. 90 (Plaintiff's motion to compel filed May 20, 2016).)

On initial review of the timeline of events, the Court was concerned that Defendant may have lulled Plaintiff into a false sense of security that the parties would resolve the privilege log dispute absent court intervention. That concern is allayed in light of the fact Plaintiff has failed to identify any basis from which it could reasonably believe Defendant would acquiesce on the privilege log issue. Furthermore and as set forth above, Judge Kim expressly directed Plaintiff to address why the Court should consider any motion to compel timely if Plaintiff filed such a motion despite the passing of the firm close of discovery. (Dkt. 87.) Plaintiff provides the Court with a timeline in its statement of facts, (dkt. 90, pp. 3-4), and correctly points out that the

Federal Rules of Civil Procedure do not prohibit a party from challenging a privilege log subsequent to the close of discovery. (Dkt. 99, p. 5). But, absent more, this does little to justify the timing of this motion when taking into consideration Judge Kim's direction and Plaintiff's ample opportunity to file this motion at an earlier time given its longstanding awareness of this dispute.

The Court draws further support for finding the motion untimely because Plaintiff's own filings indicate that the parties wrangled over the privilege log issue for an extended period of time. For example, Plaintiff's first motion for a 90-day discovery extension on February 10, 2016, plainly identifies the continued dispute. (Dkt. 76, ¶ 6 (identifying that Nissan provided supplemental information related to the privilege log, but asserting that Nissan did not provide the title, position, or employer company for certain individuals referenced therein).) On May 12, 2016, merely one day prior to the close of discovery, Plaintiff filed a second motion to extend discovery and again identified the privilege log as an outstanding issue in dispute. (Dkt. 85, ¶ 4 ("The requested extension will enable the parties to continue discussions regarding the sufficiency of Nissan's privilege log.")

This type of delay inhibits a court's ability to control the relevant schedules on a crowded docket, adds to the expense, and slows the pace of already notoriously protracted and costly litigation. *See, e.g., Coburn v. Daimlerchrysler Servs. N. Am., L.L.C.*, No. 03 C 759, 2005 WL 8142617, at *2 (N.D. Ill. Apr. 13, 2005) ("A decision of whether to extend discovery or not, or concerning the scheduling of discovery, is committed to the sound discretion of the district court, which must try to fashion a sensible and fair result under the circumstances presented."); *DeWindt Corp. v. Scottsdale Ins. Co.*, 110 F. Supp. 2d 700, 702 (N.D. Ill. 2000) ("The pace of litigation, the nature of the discovery, the degree to which schedules are honored are all matters

within control of the trial judge …. the way a judge controls the process may have significant economic and personal effects on the litigants."); *Naud v. City of Rockford*, No. 09 CV 50074, 2013 WL 4447028, at *5 (N.D. Ill. Aug. 16, 2013) ("[T]he Court has substantial discretion in managing discovery, including whether or not to modify the discovery schedule.") (internal citation and quotation omitted). Plaintiff's second motion for an extension of the discovery deadline claims that the extension would allow the parties to exhaust the meet and confer process prior to involving the Court in the present matter. (Dkt.85, ¶ 4) It further states that Plaintiff anticipated filing a motion to compel should the parties fail to reach an agreement on the privilege log matter. (*Id.*) The Court is careful to recognize the importance of parties resolving discovery disputes absent court intervention and in no way intends to incentivize the filing of unnecessary motions to compel. *See* LR 37.2 (requiring parties to meet and confer in order to "curtail undue delay and expense in the administration of justice"). The Court, however, must balance that sentiment against the need to resolve controversies in a timely manner and prevent parties from unreasonably sitting on their grievances. Here, the protracted dispute over the adequacy of Nissan's privilege log—several months—coupled with Judge Kim's firm deadline and stated concern regarding Plaintiff's issue of timeliness demonstrate that Plaintiff unreasonably delayed in filing this motion.

Federal Rule of Civil Procedure 26(b), as recently amended, also guides the Court in establishing the appropriate scope of discovery. The rule requires the Court to consider the importance of the issues at stake; the amount in controversy; the parties' relative access to the relevant information; the parties' resources; the importance of the discovery in resolving the issues; and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b); *see also* Fed. R. Civ. P. 26(b) advisory committee's note to 2015

amendment (reiterating previous amendments' policies of greater judicial involvement in the discovery process, addressing the problem of over-discovery, and encouraging judges to be more aggressive in identifying and discouraging discovery overuse). Only the parties' resources and the amount in controversy could, perhaps, aid Plaintiff's position. Nissan is a large corporation with extensive resources and therefore could withstand the cost of additional discovery practice.[4] Likewise, the amount in controversy could present a relatively significant financial benefit to Plaintiff and similarly situated class members.

Based upon the parties' briefs, oral argument, and the limited *in camera* inspection, the Court finds that all of the other factors—the importance of the issues at stake; the importance of the discovery in resolving the issues; and the burden or expense as compared to the minimal potential benefit—weigh against undertaking a full *in camera* review.[5] First, the societal import of this litigation is relatively nominal. While the individual car owners have a financial interest at stake, the claim rests entirely on features of the Infinity Q50's limited to entertainment and social media technology, and not the safety or functionality of the vehicle itself. Thus, the Court does not find that this litigation involves matters of "importance far beyond the monetary amount

---

[4] One could make a compelling case that this factor actually cuts the other way. Forcing large defendant corporations to engage in unnecessary discovery practice raises the policy concern of smaller plaintiffs exploiting asymmetric discovery burdens to extract favorable settlement offers. In such cases, defendants may have a meritorious defense but, as rational economic actors, elect to settle the case due to the substantial cost of discovery. *See, e.g., Swanson v. Citibank, N.A.,* 614 F.3d 400, 411 (7th Cir. 2010) (Posner, J., dissenting in part) (discussing the concern over asymmetric discovery burdens and the potential for extortionate litigation and explaining that with large corporations "the cost of discovery to a defendant has become in many cases astronomical. And the cost is not only monetary; it can include, as well, the disruption of the defendant's operations. If no similar costs are borne by the plaintiff in complying with the defendant's discovery demands, the costs to the defendant may induce it to agree early in the litigation to a settlement favorable to the plaintiff.") This concern is particularly relevant in the class action context. *See id.* (noting the creation of Federal Rule of Civil Procedure 23(f) in response to this concern) (citing cases). It is also especially pertinent where a magistrate judge manages discovery. *Id.* at 412. Because the magistrate judge will not preside over the trial or decide dispositive motions, she may have an imperfect sense of what the district judge would deem the proper scope of the factual inquiry and therefore tend to err on the permissive side. *Id.* Thus, the Court in its analysis affords little weight to this factor.

[5] After reviewing the briefs, hearing oral argument, and inspecting certain of the documents in the privilege log, the Court notes that it could not grant Plaintiff's alternative request for relief by compelling production absent a full *in camera review* of all of the documents contained in the privilege log.

involved," or seeking redress of "vitally important personal or public values." Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment.

Second, the documents reviewed by the Court (which Plaintiff identified as likely to carry the greatest importance to the litigation) fail to add much to the factual palette already developed in the complaint and the parties' filings. As set forth above, the documents Plaintiff identified—to the extent the documents even contain relevant information—can largely be described as "more of the same." That is, consumer complaints regarding Nissan's InTouch system and Defendant's responses to such complaints. Accordingly, the Court finds no apparent disparity between the parties' access to relevant information, and the information is unlikely to further the resolution of this case.

Finally, to review such a large universe of documents and make a document-by-document privilege determination at this late date would place a substantial burden on the Court.[6] *Am. Nat'l Bank & Trust Co. of Chi v. Equitable Life Assurance Soc'y of the U.S.*, 406 F.3d 867, 879-80 (7th Cir. 2005) (prohibiting the use of a limited sample *in camera* review to infer a privilege determination and subsequently compel disclosure as to other documents contained in a privilege log); *R.B.S. Citizens, N.A. v. Husain,* 291 F.R.D. 209, 218 (N.D. Ill. 2013) ("When claims of privilege are contested, they must be resolved on a document-by-document basis."). The Court does not shy away from the long hours necessary to conduct this review, but the burden must be assessed in relation to the potential benefit derived from the documents involved. The old adage "actions speak louder than words" is informative in this context. Plaintiff has filed multiple motions to compel in this matter, (*see, e.g.,* dkt. 60, 69), as well as a request to extend discovery that identified the very privilege log issue currently before the Court. (Dkt. 76.) Yet, despite these efforts, Plaintiff never filed a motion for relief with

---

[6] The Court restates its notation in n. 5.

8

respect to the privilege log issue until after the close of discovery. Plaintiff's decision not to prioritize its privilege log grievance strongly suggests that Plaintiff did not envision a substantial potential benefit would inure from obtaining additional documents from the log. Thus, the burden of reviewing hundreds of documents—a sampling of which has failed to yield much, if any, value—for a potentially complex privilege analysis coupled with Plaintiff's delayed submission of this motion after the close of discovery demonstrates that the burden significantly outweighs any potential benefits garnered by the requested relief.

To be clear, none of the foregoing is to suggest that Federal Rule of Civil Procedure 26(b) in any way illuminates the issues of privilege raised by Plaintiff's motion. Nor does Rule 26 specifically enumerate factors for examination when considering whether to reopen discovery. Rather, in sum, the Court finds that an analysis of the Rule 26 factors demonstrates that the value of granting Plaintiff the relief it seeks at this juncture of the litigation—an *in camera* review of hundreds of documents[7]—is substantially outweighed by the minimal importance of the issues at stake; the minimal importance of the discovery sought in resolving the case; and the extensive burden, expense, and delay attendant to the relief sought.

## Conclusion

For the reasons set forth above, the Court denies Plaintiff's Motion to Compel the Production or *In Camera* Review of Certain Documents Withheld by Nissan North America, Inc. [90].

---

[7] The Court restates its notation in n. 5 and 6.

**SO ORDERED.**  **ENTERED: August 10, 2016**

_____
M. David Weisman
United States Magistrate Judge